Liz Boydston (SBN 24053684)
Savanna Barlow (SBN 24109617)
Trinitee G. Green (SBN 24081320)
Polsinelli PC
2950 N. Harwood, Suite 2100
Dallas, Texas 75201
Telephone: (214) 397-0030
Facsimile: (214) 397-0033
lboydston@polsinelli.com
sbarlow@polsinelli.com
tggreen@polsinelli.com

Jeremy R. Johnson (*Pro Hac Vice* Pending)
Stephen J. Astringer (*Pro Hac Vice* Pending)
Polsinelli PC
600 3rd Avenue, 42nd Floor
New York, New York 10016
Telephone: (212) 684-0199
Facsimile: (212) 684-0197
jeremy.johnson@polsinelli.com
sastringer@polsinelli.com

PROPOSED COUNSEL TO THE DEBTORS
AND DEBTORS IN POSSESSION

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| Abri Health Services, LLC, *et al.*,[1] | § § | Case No. 21-30700 (sgj) |
| Debtors. | § § § | (Jointly Administered) |

## APPLICATION OF DEBTORS FOR AUTHORITY TO EMPLOY
## AND RETAIN ANKURA CONSULTING GROUP, LLC TO PROVIDE
## EXPERT VALUATION SERVICES *NUNC PRO TUNC* TO JUNE 16, 2021

The above-captioned debtors and debtors in possession (the "**Debtors**") hereby submit this

application (this "**Application**") for entry of an order, substantially in the form attached hereto as

Exhibit A (the "**Proposed Order**"), pursuant to sections 327 and 328 of title 11 of the United

States Code (the "**Bankruptcy Code**"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy

Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local Rules of

Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Northern District

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Abri Health Services, LLC (3319) and Senior Care Centers, LLC (8550).

of Texas (the "**Local Rules**"), authorizing the employment and retention of Ankura Consulting Group, LLC ("**Ankura**"), *nunc pro tunc* to June 16, 2021. In support of this Application, the Debtors rely upon and incorporate by reference the *Declaration of Kevin O'Halloran, Chief Executive Officer of Abri Health Services, LLC and Senior Care Centers, LLC, in Support of Subchapter V of Chapter 11 Petitions and First Day Pleadings* [Docket No. 10] (the "**First Day Declaration**") and the *Declaration of Louis E. Robichaux IV in Support of the Application of Debtors for Authority to Employ and Retain Ankura Consulting Group, LLC to Provide Expert Valuation Services* Nunc Pro Tunc *to June 16, 2021* (the "**Robichaux Declaration**"), attached hereto as Exhibit C. In further support of this Application, the Debtors, by and through their undersigned counsel, respectfully represent as follows:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction to consider the Application under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). The Debtors consent to entry of a final order under Article III of the United States Constitution.

2.      Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief requested herein are Bankruptcy Code sections 327 and 328, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1.

**BACKGROUND**

4.      On April 16, 2021 (the "**Petition Date**"), each of the Debtors filed a voluntary petition in this Court commencing a case for relief and electing treatment under subchapter V of chapter 11 of the Bankruptcy Code (the "**Cases**").

5.      The factual background regarding the Debtors and the events leading to the filing of the Cases is set forth in the First Day Declaration, which is incorporated herein by reference.

2

6.     The Debtors continue to manage and operate their business as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

7.     On April 21, 2021, the United States Trustee (the "**U.S. Trustee**") appointed Mark A. Weisbart of The Law Office of Mark A. Weisbart as the subchapter V trustee (the "**Subchapter V Trustee**") in the Cases. *See* Docket No. 32.

8.     No trustee, examiner, or official committee of unsecured creditors has been appointed in the Cases.

### RELIEF REQUESTED

9.     The Debtors seek to employ and retain Ankura *nunc pro tunc* to June 16, 2021 to provide expert and litigation support services related to valuation and other financial issues pursuant to the engagement letter (the "**Engagement Letter**") attached hereto as Exhibit B.

### QUALIFICATIONS

10.     Since its inception in 2014, Ankura has developed into a global provider of financial and restructuring advisory services to parties involved in distressed corporate matters, including, but not limited to: *In re Mayflower Communities, Inc.*, No. 19-30283 (HDH) (Bankr. N.D. Tex. Jan. 30, 2019); *In re Tarrant County Senior Living Center, Inc.*, No. 19-33756 (SGJ) (Bankr. N.D. Tex. Nov. 5, 2019); *In re Elk Petroleum, Inc.*, No. 19-11157 (LSS) (Bankr. D. Del. 2019); *In re Payless Holdings LLC*, No. 19-40883-659 (Bankr. E.D. Mo. Mar. 29, 2019); *In re 4 West Holdings, Inc.*, No. 18-30777 (HDH) (Bankr. N.D. Tex. Apr. 18, 2018); *In re Westinghouse Electric Co., LLC, et al.,* No. 17- 10751 (Bankr. S.D.N.Y. Nov. 9, 2017); *In re Foundation Healthcare, Inc.*, No. 17-42571 (RFN) (Bankr. N.D. Tex. July 20, 2017); *In re Model Reorg Acquisition, LLC*, Case No. 17-11794 (CSS) (Bankr. D. Del. 2017); *In re Last Call Guarantor, LLC*, Case No. 16-11844 (KG) (Bankr. D. Del. Sept. 2, 2016); and *In re SunEdison, Inc.*, No. 16-0992 (SMB) (Bankr. S.D.N.Y. Aug. 11, 2016).

11.     Ankura has extensive experience in providing expert valuation services and restructuring advisory services in reorganization proceedings and has an excellent reputation for the services they have rendered in chapter 11 cases on behalf of parties in interest throughout the United States.  Ankura's experience in the healthcare industry is extensive.

12.     The two valuation experts proposed by Ankura for this engagement are highly experienced and possess industry-leading qualifications and credentials.

## SERVICES TO BE RENDERED

13.     The Debtors desire to obtain Ankura's expert valuation and litigation support services in connection with certain lease related claims and other matters associated with the Cases (the "**Projects**"). The services to be provided by Ankura include the following:

> i)      Prepare valuation analyses of certain of the Debtors' skilled nursing facilities;
>
> ii)     If requested by the Debtors, prepare expert valuation reports and provide related expert witness testimony services;
>
> iii)    As requested by the Debtors and their bankruptcy counsel, advise the Debtors on bankruptcy and restructuring issues within Ankura's scope of expertise; and
>
> iv)     Perform such other professional services as may be requested by the Debtors and agreed to by Ankura in writing.

## COMPENSATION

14.     Pursuant to the Engagement Letter, the Debtors shall pay Ankura based on its actual hours expended at Ankura's standard hourly rates that are in effect when the Services are rendered, subject to the limitations discussed herein. Ankura's rates generally are revised annually.  Ankura's current hourly rates are as follows:

| Professional | Hourly Rate |
|---|---|
| Senior Managing Director & Managing Director | $650 - $1,155 |
| Other Professionals | $350 - $870 |
| Paraprofessional | $275 - $330 |

15.     Notwithstanding the foregoing, Ankura has agreed to cap its Fee (as defined in the Engagement Letter) at $250,000 for all final valuation reports (the "**Report Fee Cap**").  Any additional work other than completion of the Valuation Reports, including Company meetings, expert rebuttal reports, deposition and courtroom testimony, settlement mediation and related preparation, will be billed on an hourly basis as described above and will not be subject to the Report Fee Cap.

16.     Ankura shall be entitled to reimbursement of actual, reasonable out-of-pocket and direct expenses incurred in connection with the Services to be provided under the Engagement Letter incurred in connection with the Engagement Letter.

17.     Prior to the Petition Date, Ankura did not provide any services to the Debtors. As of the Petition Date, no amounts were due or outstanding to Ankura, and Ankura has not been paid any amounts postpetition. Ankura is not holding a retainer.

## DISINTERESTEDNESS

18.     In reliance on the Robichaux Declaration and to the best of the Debtors' knowledge, other than as set forth in the Robichaux Declaration, Ankura (i) has no connection with the Debtors, their creditors, or other parties in interest in these Cases; (ii) does not hold any interest adverse to the Debtors' estates; and (iii) is a "disinterested person" as defined within Bankruptcy Code section 101(14).

78414254.1

19.     If a new parties-in-interest list is provided to Ankura, Ankura will conduct further review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise. In connection with such review, if any new material facts or relationships are discovered or arise, Ankura will supplement its disclosure to this Court.

## BASIS FOR RELIEF

20.     Pursuant to Bankruptcy Code section 327, a debtor in possession may employ one or more professionals who do not hold or represent an interest adverse to the estate and that are disinterested persons to assist the debtor in possession in carrying out its duties. 11 U.S.C. § 327(a).

21.     Under Bankruptcy Rule 2014, an application for retention of a professional must contain:

> specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

22.     Bankruptcy Code section 328 provides, in relevant part, that a debtor in possession "with the court's approval, may employ or authorize the employment of a professional person under section 327 … on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a).

23.     To the best of the Debtors' knowledge, information, and belief, and based upon the Robichaux Declaration, Ankura is a "disinterested person" as defined in Bankruptcy Code section

101(14) and required by Bankruptcy Code section 327(a). Other than as set forth in the Ankura Declaration, Ankura has no connection with the Debtors, its creditors, the United States Trustee, or other parties in interest in the Cases. To the extent Ankura discovers additional facts bearing upon the matters described herein during the retention, Ankura will supplement the information contained in the Robichaux Declaration, as required by Bankruptcy Rule 2014.

24.     Through this Application, the Debtors seek to obtain approval of the Court to retain Ankura on the terms set forth in the Engagement Letter. Employment of Ankura will be beneficial to the Debtors and their estates by providing the Debtors with expert and litigation services regarding valuation and other financial consulting services in the context of litigation pertaining to, among other things, TXMS Real Estate Investments, Inc.'s ("**TXMS**") *Motion of TXMS Real Estate Investments, Inc. for Relief From the Automatic Stay to Terminate Unexpired Nonresidential Lease* [Docket No. 138] (the "**Stay Relief Motion**"). The assistance of Ankura is in the best interest of the estates.

25.     Given the qualifications of Ankura, the compensation requested is more than reasonable and will greatly benefit the Debtors' estates. Denial of this Application will harm the Debtors and their ability to prepare and file a thorough Plan, mediate the issues between the Debtors and TXMS, and litigate the Stay Relief Motion.

26.     Therefore, the Debtors submit that the requirements of the Bankruptcy Code, Bankruptcy Rules, and the Local Rules have been met and that entry of an order approving the Application is supported.

## NOTICE

27.     Notice of this Application shall be provided to: (a) the Office of the United States Trustee for the Northern District of Texas (Attn: Meredyth Kippes); (b) the Office of the Attorney General of Texas; (c) the Subchapter V Trustee (Attn: Mark A. Weisbart); (d) the Debtors' 20

largest unsecured creditors on a consolidated basis; and (e) those parties who have requested notice pursuant to Bankruptcy Rule 2002.

28.     The Debtors respectfully submit that such notice is sufficient and that no further notice of this Application is required.

**WHEREFORE**, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as <u>Exhibit A</u>, granting the relief requested in the Application and such other and further relief as may be just and proper.

Dated: June 25, 2021
      Dallas, Texas

**POLSINELLI PC**

*/s/ Liz Boydston*
Liz Boydston (SBN 24053684)
Savanna Barlow (SBN 24109617)
Trinitee G. Green (SBN 24081320)
Polsinelli PC
2950 N. Harwood, Suite 2100
Dallas, Texas 75201
Telephone: (214) 397-0030
Facsimile: (214) 397-0033
lboydston@polsinelli.com
sbarlow@polsinelli.com
tggreen@polsinelli.com

-and-

Jeremy R. Johnson (*Pro Hac Vice* Pending)
Stephen J. Astringer (*Pro Hac Vice* Pending)
Polsinelli PC
600 3rd Avenue, 42nd Floor
New York, New York 10016
Telephone: (212) 684-0199
Facsimile: (212) 684-0197
jeremy.johnson@polsinelli.com
sastringer@polsinelli.com

*Proposed Counsel to the Debtors and Debtors in Possession*

78414254.1