# **Exhibit A**

Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| Abri Health Services, LLC, *et al.*,[1] | § § | Case No. 21-30700 (sgj) |
| Debtors. | § § § | (Jointly Administered) |

**ORDER AUTHORIZING THE DEBTORS TO EMPLOY
AND RETAIN ANKURA CONSULTING GROUP, LLC TO PROVIDE
EXPERT VALUATION SERVICES *NUNC PRO TUNC* TO JUNE 16, 2021**

Upon the application (the "**Application**") of the Debtors for entry of an order authorizing the employment and retention of Ankura Consulting Group, LLC ("**Ankura**") to provide expert valuation services for the Debtors *nunc pro tunc* to June 16, 2021; and the Court having reviewed the Application, the *Declaration of Louis E. Robichaux IV in Support of the Application of Debtors*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Abri Health Services, LLC (3319) and Senior Care Centers, LLC (8550).

78414254.1

2

*for Authority to Employ and Retain Ankura Consulting Group, LLC to Provide Expert Valuation Services* Nunc Pro Tunc *to June 16, 2021* (the "**Robichaux Declaration**"), and the *Declaration of Kevin O'Halloran, Chief Executive Officer of Abri Health Services, LLC and Senior Care Centers, LLC, in Support of Subchapter V of Chapter 11 Petitions and First Day Pleadings* [Docket No. 10] (the "**First Day Declaration**"); and the Court having jurisdiction over this matter pursuant to 28 U.S.C. 157 and §§ 1334(b); and the Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Debtors consent to entry of a final order under Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having determined that the relief requested in the Application is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Application has been given, under the circumstances, and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Application is GRANTED as set forth herein.

2. The Debtors are authorized to employ and retain Ankura on the terms set forth in the Application and Engagement Letter.

3. Ankura shall be compensated in accordance with Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, the Local Rules, this Order, any other applicable orders of this Court, and applicable fee and expense guidelines.

4. The terms and conditions of the Engagement Letter are approved.

78414254.1

5. Notwithstanding anything to the contrary in the Engagement Letter, the Debtors are authorized to indemnify and hold harmless Ankura as set forth in Section 11 and Schedule II of the Engagement Letter, subject to the following conditions:

    a. Subject to the provisions of subparagraphs (b) and (c) below, the Debtors are authorized to indemnify, and shall indemnify Ankura for any claims rising from, related to or in connection with the services to be provided by Ankura as specified in the Engagement Letter, but not for any claims arising from, related to or in connection with Ankura's post-petition performance of any services other than those in connection with the engagement, unless such post-petition services and indemnification therefore are approved by this Court; and

    b. The Debtors shall have no obligation to indemnify Ankura, or provide contribution or reimbursement to Ankura, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from Ankura's gross negligence, willful misconduct, or bad faith; (ii) for a contractual dispute in which the Committee or the Debtors allege the breach of Ankura's contractual obligations unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing, to be a claim or expense for which Ankura should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter as modified by this Order; and

    c. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), or (ii) the entry of an order closing these Chapter 11 Cases, Ankura believes that it is entitled to the payment of any amounts by the Debtors on account of the indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including without limitation the advancement of defense costs, Ankura must file an application therefore in this Court, and the Debtors may not pay any such amounts to Ankura before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Ankura for indemnification, contribution, or reimbursement, and not to limit the duration of the Debtors' obligation to indemnify Ankura.

6. Notwithstanding anything to the contrary in Section 11 or Schedule II of the Engagement Letter, Ankura's liability, including but not limited to lost profits, consequential,

3

4

indirect, punitive, exemplary or special damages, arising in tort, contract or otherwise, shall not be limited in the case of Ankura's own willful misconduct, gross negligence, breach of fiduciary duty, self-dealing and/or bad faith.

7. To the extent there is any inconsistency between the terms of the Engagement Letter, the Application, and this Order, the terms of this Order shall govern.

8. Notwithstanding any Bankruptcy Rule or Local Rule to the contrary, this Order shall be immediately effective and enforceable upon its entry.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

10. This Court shall retain jurisdiction over any and all matters arising from the interpretation, implementation, or enforcement of this Order.

### # # # End of Order # # #

Case 21-30700-sgj11 Doc 152-1 Filed 06/25/21 Entered 06/25/21 15:17:49 Page 6 of 6

Ordered submitted by:

**POLSINELLI PC**

*/s/ Liz Boydston*
Liz Boydston (SBN 24053684)
Savanna Barlow (SBN 24109617)
Trinitee G. Green (SBN 24081320)
Polsinelli PC
2950 N. Harwood, Suite 2100
Dallas, Texas 75201
Telephone: (214) 397-0030
Facsimile: (214) 397-0033
lboydston@polsinelli.com
sbarlow@polsinelli.com
tggreen@polsinelli.com
-and-

Jeremy R. Johnson (Admitted *Pro Hac Vice*)
600 3rd Avenue, 42nd Floor
New York, New York 10016
Telephone: (212) 684-0199
Facsimile: (212) 684-0197
jeremy.johnson@polsinelli.com

*Proposed Counsel to the Debtors and Debtors in Possession*

78414254.1