Liz Boydston (SBN 24053684)  
Trinitee G. Green (SBN 24081320)  
Polsinelli PC  
2950 N. Harwood, Suite 2100  
Dallas, Texas 75201  
Telephone: (214) 397-0030  
Facsimile: (214) 397-0033  
lboydston@polsinelli.com  
tggreen@polsinelli.com  

Jeremy R. Johnson (Admitted *Pro Hac Vice*)  
Stephen J. Astringer (Admitted *Pro Hac Vice*)  
Polsinelli PC  
600 3rd Avenue, 42nd Floor  
New York, New York 10016  
Telephone: (212) 684-0199  
Facsimile: (212) 684-0197  
jeremy.johnson@polsinelli.com  
sastringer@polsinelli.com  

COUNSEL TO THE DEBTORS AND  
DEBTORS IN POSSESSION

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| Abri Health Services, LLC, *et al.*,[1] | § | Case No. 21-30700 (SGJ) |
| | § | |
| Debtors. | § | (Jointly Administered) |

**OBJECTION TO ANTHONY BOSELLO'S CLAIM NO. 7 AGAINST**
**ABRI HEALTH SERVICES, LLC AND CLAIM NO. 21**
**<u>AGAINST SENIOR CARE CENTERS, LLC</u>**

The above-captioned debtors and debtors in possession (the "**Debtors**"), by and through their undersigned counsel, file this objection (the "**Objection**") to all claims filed by Anthony Bosello ("**Claimant**"), specifically Claim No. 7 ("**Claim No. 7**") filed against Debtor Abri Health Services, LLC ("**Abri**") in Case No. 21-30700 on or about May 4, 2021[2] and Claim No. 21 ("**Claim No. 21**"), amending Claim No. 7, filed against Debtor Senior Care Centers, LLC ("**SCC**")

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Abri Health Services, LLC (3319) and Senior Care Centers, LLC (8550).

[2] Claimant signed Claim No. 7 and declared under penalty of perjury that he was the creditor; however, the named creditor in Part 1 of Claim No. 7 is "3741 Burning Tree Ln." For purposes of this Objection, Claimant shall refer to Mr. Bosello and/or 3741 Burning Tree Ln.

in Case No. 21-30701 on or about August 30, 2021. In support of this Objection, the Debtors respectfully state as follows:

## PRELIMINARY STATEMENT

1. Claims No. 7 and 21 should be disallowed.

2. Claim No. 7 should be disallowed for the following reasons:

    a) Claim No. 21 states that it amends a previously-filed claim. *See* Part 1, par.4 of Claim No. 21 attached hereto as <u>Exhibit A</u>. The only previously-filed claim is Claim No. 7. Thus, Claim No 21 supersedes, replaces, and amends Claim No. 7;

    b) Claim No. 7 asserts a priority claim for "Taxes or penalties owed to governmental units. 11 U.S.C. §507(a)(8)" in the amount of $10,000 – yet Claimant is an individual human and not a governmental unit; *See* Part 2, par.12 of Claim No. 7 attached hereto as <u>Exhibit B</u>.

    c) Claim No. 7 asserts a priority claim for "Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4)" in the amount of $13,650, *see* Part 2, par.12 of Claim No. 7 attached hereto as <u>Exhibit B</u>, yet provides no necessary supporting documentation as required by Bankruptcy Rule 3001 and is unsupported by the Debtors' books and records;

    d) Claim No. 7 asserts at most, an unsupported, disputed, contingent claim based on discrimination and retaliation;

    e) Claim No. 7 fails to assert facts sufficient to state a claim against the Debtors for discrimination and retaliation, and the Debtors deny any and all allegations and liability;

    f) Claimant did not and has not sought relief from the stay to pursue his alleged claims;

    g) the amount listed on the Claim (total claim of $350,000) is unsupported by any necessary supporting documentation as required by Bankruptcy Rule 3001, fact, or the Debtors' books and records; and

    h) Twelve days after Claim No. 7 was filed, the Debtors filed their Schedules and scheduled Claim No. 7 as zero ($0) dollars.

3. Claim No. 21 should be disallowed for the following reasons:

    a) Claim No. 21 is nothing more than the form proof of claim with no attachments and thus it is insufficiently supported by any documents as required by Bankruptcy Rule 3001;

    b) Claim No. 21 asserts a priority claim for "Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4)" in the amount of $95,000, *see* Exhibit A, Part 2, par.12 of Claim No. 21 attached hereto as Exhibit B. A priority claim based on section 507(a)(4) is subject to a statutory cap, and $95,000 is far greater than the statutory cap. Additionally, there is no necessary supporting documentation for a section 507(a)(4) priority claim, and it is unsupported by the Debtors' books and records;

    c) the amount listed on the Claim (total claim of $350,000) is unsupported by any necessary supporting documentation as required by Bankruptcy Rule 3001, fact, or the Debtors' books and records; and

    d) Claim No. 21 fails to assert facts sufficient to state a claim against the Debtors for discrimination, and the Debtors deny any and all allegations and liability.

## JURISDICTION

4. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are Bankruptcy Code sections 105 and 502 and Bankruptcy Rule 3007.

## BACKGROUND

**A.    Procedural History of the Cases**

5. On April 16, 2021 (the "**Petition Date**"), each of the Debtors filed a voluntary petition in this Court commencing a case for relief and electing treatment under subchapter V of chapter 11 of the Bankruptcy Code (the "**Cases**").

6. The Debtors continue to manage and operate their business as debtors in possession pursuant to Bankruptcy Code sections 1108 and 1184.

7. On April 20, 2021, the Office of the United States Trustee filed the Notice of Chapter 11 Bankruptcy Case, providing notice that, among other things, creditors (except

governmental units) were required to file any claims against Debtors and their estates no later than June 25, 2021 (the "**Bar Date**"). *See* Docket No. 21.

8. On April 22, 2021, the Court entered the *Scheduling Order and Notice of Status Conference* [Docket No. 44], which established certain deadlines in the Cases.

9. On April 29, 2021, the Debtors filed their Notice of Commencement of the Cases, which provided additional notice of the Bar Date. *See* Docket No. 60.

10. On May 4, 2021, Claimant filed Claim No. 7, asserting a total claim in the amount of $350,000, including (a) a priority claim for "Taxes or penalties owed to governmental units. 11 U.S.C. §507(a)(8)" in the amount of $10,000; (b) a priority claim for "Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4)" in the amount of $13,650; and (c) the remaining amount for alleged "Discrimination & Retaliation." The only item attached to the Claim was a demand letter, dated May 4, 2021 (the "**Demand Letter**") that included allegations relating to a purported discrimination and retaliation claim, seeking settlement. The Demand Letter failed to seek any specified amount. Nothing further is attached to Claim No. 7.

11. On May 16, 2021, the Debtors each filed their Schedules [Docket Nos. 15 and 111], and Claimant Anthony Bosello was listed on the Schedule E/F of Debtor Abri Health Services, LLC [Docket No. 111] with a "contingent," "unliquidated," and "disputed" claim in the amount of zero ($0) dollars.

12. On August 30, 2021, Claimant filed Claim No. 21, amending his prior claim. Claim No 21 contains nothing more than the form proof of claim and asserts a total claim of $350,000, including (a) a priority claim in the amount of $95,000 for "Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business

80342772.3

ends, whichever is earlier. 11 U.S.C. § 507(a)(4);" and (b) the remaining amount for alleged "disability discrimination." Nothing is attached to Claim No. 21.

## ARGUMENT

### A. Procedural Requirements for Objections to Claims

13. Bankruptcy Rule 3007 governs the procedure for objections to claims, providing in pertinent part as follows: "An objection to an allowance of a claim shall be in writing and filed. A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant . . . at least thirty days prior to the hearing." Fed. R. Bankr. P. 3007. Pursuant to Bankruptcy Rule 3007, copies the Objection will be mailed to Claimant and counsel for Claimant.

### B. Claims 21 and 7 Are Not Entitled to the Presumption of Prima Facie Validity.

14. All allegations set forth in a properly filed proof of claim are taken as true and, if the allegations set forth all facts necessary to establish a claim and are not self-contradictory, the proof of claim may constitute prima facie evidence of the validity and amount of the claim. 11 U.S.C. § 502(a); Fed. R. Bankr. P. 3001(f). However, to be entitled to the presumption of *prima facie* validity, a proof of claim must provide any written evidence on which the claim is based.

15. Claim No. 21 is not entitled to the presumption of prima facie validity because Claimant provides no necessary supporting documentation as required by Rule 3001 of the Bankruptcy Rules—in fact Claim No. 21 is nothing more than the proof of claim form.

16. The instructions to Official Form 410 indicate that summaries may be added "[i]n addition to the documents," but not in lieu of the documents. Here, Claim No. 21 contains neither documents nor summaries.

17. Even if Claim No. 21 was entitled to the presumption of prima facie validity, which it is not, this Objection rebuts any such presumption and shifts the burden back to Claimant.

18. Claim No. 21 amended and replaced Claim No. 7.

19. Even if this Court were to consider Claim No. 7, it is also not entitled to the presumption of prima facie validity because the only document attached to Claim No. 7—the Demand Letter—is insufficient to support either of Claimant's priority claims, makes no mention whatsoever of the more than $325,000 alleged, and contains nothing more than broad, generalized allegations that are wholly unsupported by evidence.

20. Claim Nos. 7 and 21 should be disallowed with respect to voting and/or distributions under the Plan.

**C. Claim Nos. 21 and 7 Fail State Claims Upon Which Relief Can Be Granted.**

21. Claim Nos. 21 and 7 fail to assert facts sufficient to state claims against the Debtors for discrimination.

22. First, to establish a prima facie case of sex-based discrimination under Title VII, Claimant must show: (1) he is a member of the protected class, (2) he was qualified to do the job, (3) he suffered an adverse employment action, and (4) Debtors treated similarly-situated employees who were not in the protected class more favorably. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

23. Claimant's alleged claim fails on the fourth element. He was terminated at the exact same time for the exact same reason as 30 other corporate office employees, including two employees at his level and in his department who are not in Claimant's protected class. This evidence is insurmountable and Claimant's sex-discrimination claim must fail.

24. Second, to establish a prima facie discrimination claim under the ADA, a plaintiff must prove: (1) that he has a disability; (2) that he was qualified for the job; [and] (3) that he was subject to an adverse employment decision on account of his disability. *E.E.O.C. v. LHC Grp., Inc.*, 773 F.3d 688, 697 (5th Cir. 2014).

25. Claimant has not and will not be able to show his termination was on account of his disability because no one at the Debtors was aware of his disability and, further, he was terminated as part of a lawful reduction in force alongside two non-disabled employees at his level and in his department.

26. Third, to establish a retaliation claim under Title VII, Claimant must show that: (1) he participated in statutory protected activity; (2) the Company took an adverse employment action against him; and (3) a causal connection exists between the protected activity and the adverse employment action. *Banks v. East Baton Rouge Parish Sch. Bd.*, 320 F.3d 570, 575 (5th Cir. 2003). Claimant cannot prove retaliation because he never engaged in any protected activity. He never complained to anyone—let alone any supervisor or HR—about any issue whatsoever. The Debtors, therefore could not have retaliated against him for taking an action he did not take. The Debtors had a legitimate, nondiscriminatory reason to terminate Claimant, and Claimant is unable to present evidence that Debtor Abri's reason for his termination was pretextual. Therefore, Claimant's claim of retaliation fails

Claim Nos. 21 and 7 fail to assert facts sufficient to state claims against the Debtors for discrimination.

27. Thus, Claim Nos. 21 and 7 fail to assert facts sufficient to state claims against the Debtors for discrimination, and thus Claim Nos. 21 and 7 should be disallowed with respect to voting and/or distributions under the Plan.

## **CONCLUSION**

**WHEREFORE**, Debtors respectfully request that the Court enter an order: (a) disallowing Claim Nos. 21 and 7 in full; or alternatively (b) disallowing Claim No. 7 and determining that the amount of liability with respect to Claim No. 21 is zero for purposes of Plan voting; and (c) granting such other and further relief as this Court may deem just and proper.

| | |
|---|---|
| Dated: October 20, 2021<br>Dallas, Texas | **POLSINELLI PC**<br><br>*/s/ Liz Boydston*<br>Liz Boydston (SBN 24053684)<br>Trinitee G. Green (SBN 24081320)<br>Polsinelli PC<br>2950 N. Harwood, Suite 2100<br>Dallas, Texas 75201<br>Telephone: (214) 397-0030<br>Facsimile: (214) 397-0033<br>lboydston@polsinelli.com<br>tggreen@polsinelli.com<br><br>-and-<br><br>Jeremy R. Johnson (Admitted *Pro Hac Vice*)<br>Stephen J. Astringer (Admitted *Pro Hac Vice*)<br>Polsinelli PC<br>600 3rd Avenue, 42nd Floor<br>New York, New York 10016<br>Telephone: (212) 684-0199<br>Facsimile: (212) 684-0197<br>jeremy.johnson@polsinelli.com<br>sastringer@polsinelli.com<br><br>*Counsel to the Debtors and Debtors in Possession* |

80342772.3