**EXHIBIT B**

**Fill in this information to identify the case:**

Debtor 1   Abri Health Care Services, LLC

Debtor 2

(Spouse, if filing)

United States Bankruptcy Court   **Northern District of Texas**

Case number:  **21–30700**

FILED

**U.S. Bankruptcy Court**
**Northern District of Texas**

5/4/2021

**Robert . Colwell, Clerk**

## Official Form 410
## Proof of Claim

**04/19**

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

### Part 1:   Identify the Claim

| | |
|---|---|
| **1. Who is the current creditor?** | 3741 Burning Tree Ln<br><br>Name of the current creditor (the person or entity to be paid for this claim)<br><br>Other names the creditor used with the debtor |
| **2. Has this claim been acquired from someone else?** | ☑ No<br>☐ Yes. From whom? |

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| 3741 Burning Tree Ln | 3741 Burning Tree Ln |
| Name | Name |
| Garland, TX 75042 | Garland, TX 75042 |
| Contact phone _____12142265558_____ | Contact phone _____12142265558_____ |
| Contact email<br>___anthonybosello@gmail.com___ | Contact email<br>___anthonybosello@gmail.com___ |

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_____

| | |
|---|---|
| **4. Does this claim amend one already filed?** | ☑ No<br>☐ Yes. Claim number on court claims registry (if known) _____   Filed on _____<br>MM / DD / YYYY |
| **5. Do you know if anyone else has filed a proof of claim for this claim?** | ☑ No<br>☐ Yes. Who made the earlier filing? _____ |

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
|---|---|

| | |
|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☐ No<br>☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:     3391 |

| | |
|---|---|
| 7. **How much is the claim?** | $     350000.00     **Does this amount include interest or other charges?**<br>☑ No<br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |

| | |
|---|---|
| 8. **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br><br>Limit disclosing information that is entitled to privacy, such as healthcare information.<br><br>Discrimination & Retaliation Claims |

| | |
|---|---|
| 9. **Is all or part of the claim secured?** | ☑ No<br>☐ Yes. The claim is secured by a lien on property.<br><br>   **Nature of property:**<br>   ☐ Real estate.    If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410–A) with this *Proof of Claim*.<br>   ☐ Motor vehicle<br>   ☐ Other. Describe:<br><br>   **Basis for perfection:**<br><br>   Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>   **Value of property:**     $<br><br>   **Amount of the claim that is secured:**     $<br><br>   **Amount of the claim that is unsecured:**     $     (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>   **Amount necessary to cure any default as of the date of the petition:**     $<br><br>   **Annual Interest Rate** (when case was filed)     %<br><br>   ☐ Fixed<br>   ☐ Variable |

| | |
|---|---|
| 10. **Is this claim based on a lease?** | ☑ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ |

| | |
|---|---|
| 11. **Is this claim subject to a right of setoff?** | ☑ No<br>☐ Yes. Identify the property: |

Official Form 410            Proof of Claim            page 2

| 12. | **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☐ No<br>☑ Yes. *Check all that apply*: | **Amount entitled to priority** |
|---|---|---|---|

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).  $ _____

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).  $ _____

☑ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).  $ 13650.00

☑ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).  $ 10000.00

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).  $ _____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(_) that applies  $ _____

\* Amounts are subject to adjustment on 4/1/22 and every 3 years after that for cases begun on or after the date of adjustment.

---

**Part 3:  Sign Below**

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571.**

Check the appropriate box:

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  5/4/2021
_____
MM / DD / YYYY

/s/  Anthony Bosello
_____
Signature

Print the name of the person who is completing and signing this claim:

Name  Anthony Bosello
_____
First name   Middle name   Last name

Title  _____

Company  United State of America
_____
Identify the corporate servicer as the company if the authorized agent is a servicer

Address  3741 Burning Tree Ln
_____
Number  Street
Garland, TX 75042
_____
City  State  ZIP Code

Contact phone  12142265558   Email  anthonybosello@gmail.com

---

Official Form 410 | Proof of Claim | page 3



May 4, 2021

Mike Templeton                                                                                          ***VIA U.S. MAIL***
Chief Operating Officer
Abri Health Care Services (f/k/a Senior Care Centers LLC)
600 N Pearl St. #1050
Dallas, Texas 75201

    **Re:**    **Discrimination & Retaliation Claims by Anthony Bosello**

Dear Mr. Templeton:

We represent Anthony Bosello ("Mr. Bosello") in his discrimination, harassment, and retaliation claims against Abri Health Care Services (f/k/a Senior Care Centers LLC) ("Abri"). Mr. Bosello was employed by Abri in Dallas, Texas from approximately May 2019 until December 2019. Abri's actions have violated Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, as well as other applicable statutes.[1]

Mr. Bosello was hired by Senior Care Centers in May 2019, after the company's bankruptcy, to address accounting and financial mistakes. Throughout his employment, Mr. Bosello was subjected to discrimination, harassment, and retaliation by members of management.

In or around August 2019, the human resources director, Millicent Mackey ("Ms. Mackey"), the vice president of accounting, Mike White ("Mr. White"), and the chief financial officer, Anthony Arnaudy ("Mr. Arnaudy") informed Mr. Bosello that his boss, the director of accounting, Michael Joseph ("Mr. Joseph"), and two other accounting managers would be laid off because they were higher paid employees that made too many mistakes. Mr. Bosello was told that Mr. Joseph's work was putting the company in a tough financial situation and that Mr. Bosello was hired to fix accounting errors.

In or around October 2019, Mr. Bosello met with Mr. White to discuss Mr. Bosello's accomplishments in the previous months. Mr. White was pleased with Mr. Bosello's performance and told him that the then-current Chief Operating Officer, Mike Beal ("Mr. Beal"), and Mr. Arnaudy, had asked Mr. White to hire more people like Mr. Bosello. During the meeting Mr. Bosello asked Mr. White for a salary increase and explained that the health insurance offered by Senior Care Centers was too expensive and did not help to cover Mr. Bosello's HIV medications. When Mr. Bosello mentioned his HIV medications, Mr. White's "face changed with a disgusting look on his face" and then Mr. White asked Mr. Bosello if he was "gay." Mr. Bosello felt

---

[1] The claims set forth in this letter are not all encompassing or conclusive and nothing in this correspondence should be considered a waiver of Mr. Bosello's procedural or substantive rights to bring additional or different claims and defenses all of which are expressly reserved.



uncomfortable by Mr. White's personal question and chose not to answer because he thought the question was inappropriate.

After Mr. White learned that Mr. Bosello had HIV, Mr. White began to noticeably avoid Mr. Bosello in the hallways and stopped answering Mr. Bosello's emails. The experience he had with Mr. White and the way he was treated at work severely impacted Mr. Bosello's mental health. Starting around October 2019, Mr. Bosello developed depression and was prescribed new medication that he was required to take in order to sleep.

In or around October or November 2019, Mr. Bosello was washing his hands in the men's bathroom when Mr. White entered the bathroom, saw Mr. Bosello, called him a "fucking disgusting gay," and then left the bathroom.

In or around November 2019, during a weekly finance meeting, Mr. Bosello overheard part of a derogatory comment Mr. White made regarding Mr. Bosello's sexual orientation and not wanting to sit next to Mr. Bosello. Mr. White's inappropriate comments about Mr. Bosello caused people at the meeting to laugh and made Mr. Bosello uncomfortable.

In or around December 2019, Ms. Mackey told Mr. Bosello that Mr. Joseph would be laid off "because he is a high paid manager" and that Mr. Bosello would become the accounting manager reporting to Mr. White. Mr. White also told Mr. Bosello that the company did not need two accounting managers.

After this encounter, Mr. Arnaudy asked Mr. Bosello to join the meeting room with Mr. Beal. In this meeting, Mr. Bosello was told that because of the company's bankruptcy they could no longer afford Mr. Bonello's salary and then walked him out of the room. When Mr. Bosello asked if Mr. Joseph would be let go, Mr. Arnaudy and Mr. Beal said that Mr. Joseph was not going to be let go, contradicting their comments made to Mr. Bosello in August 2019.

In or around December 2019, Mr. Bosello was terminated. Mr. Bosello was subjected to a discriminatory termination because of his disability and his perceived sexual orientation.

In March 2020, Mr. Bosello was informed by employees at Abri that he was the only employee that was terminated. Contrary to the reason given for Mr. Bosello's termination, management decided to keep the director of accounting, finance director, and treasury manager who all have high paying salaries with "little to nothing to do."

Mr. Bosello filed a Charge of Discrimination with the EEOC on April 28, 2020 based upon the discrimination, harassment, and retaliation he experienced on the basis of his sexual orientation and disability. At the time of filing, it was our position that there was a strong argument that sexual orientation, as a critical part of sex, was covered by Title VII of the Civil Rights Act of 1964. *See Equal Emp't Opportunity Comm'n v. Boh Bros. Const. Co.*, 731 F.3d 444, 453 (5th Cir. 2013) (en banc); *Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989). **In June 2020, the United States Supreme Court removed any and all doubt**. *Bostock v. Clayton County, Georgia*, 140 S. Ct. 1731, 1741 (2020) ("**The statute's message for our cases is equally simple and momentous:**



**An individual's homosexuality . . . is not relevant to employment decisions**"). Abri management's abhorrent discrimination and harassment of our client has only become more clearly violative of Title VII's prohibition of sex discrimination in the workplace.

Given the gravity of the harm Mr. Bosello has suffered as a result of Abri's conduct, we have been retained to preserve all of our client's legal rights. After concluding our initial investigation, we are confident in the strength of Mr. Bosello's claims. Nonetheless, we have been authorized to contact you to explore the possibility of a confidential resolution of this matter prior to Mr. Bosello pursuing further EEOC action or any resultant litigation. We would appreciate the opportunity to discuss Mr. Bosello's claims with you or your representative. If we do not hear from you within fourteen (14) days, we will take that to mean that you do not desire to work with us towards an amicable outcome and will advise our client accordingly.

While the nature of this letter is in the spirit of resolution, it is also to remind you of your ongoing obligations with respect to record retention. Therefore, any and all records, in any form, electronic or paper, shall be preserved at once and a litigation hold put in place immediately. The type of material to be preserved includes all paper documents and electronically stored information including, but not limited to surveillance video, e-mail, voicemail, text messages, instant messages, image or video files, and word processing files that are in your possession, custody or control, whether stored on computers or other storage media (e.g. hard disks, backup tapes, zip cartridges, CD's, DVD's, etc.). We ask that you take the necessary steps to ensure that all potentially relevant material concerning our client's claims and employment be preserved. This letter is written without prejudice and without waiver of, and with full reservation of, all of our client's rights and remedies. Please tender this letter to all pertinent and relevant carriers, including your EPL and/or D&O insurance carrier and any others as may be applicable.

We look forward to hearing from you soon.

Sincerely,

ELLWANGER LAW,
a limited liability limited partnership

*/s/ Jay D. Ellwanger*
Jay D. Ellwanger

cc:     Paul Samuel

3