**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| IN RE:<br><br>ABRI HEALTH SERVICES, LLC, *et al.*,[1]<br><br>Debtors | Case No. 21-30700-SGJ<br>Chapter 11<br><br>*(Jointly Administered)* |

**TRUSTEE'S COMMENT TO AMENDED
SUBCHAPTER V PLAN OF REORGANIZATION**

COMES NOW Mark A. Weisbart, Subchapter V Trustee ("Trustee"), and pursuant to 11 U.S.C. § 1183(b) files this his Comment to Debtors' Amended Subchapter V Plan of Reorganization [Dkt. #200] (the "Plan") set for confirmation on October 26, 2021 at 1:00 p.m.

## OVERVIEW

1.  The linchpin for a successful reorganization of the Debtors was the settlement approved by the Court on August 31, 2021 [Dkt. #194] between Debtors and TCMS Real Estate Investments, Inc. ("TXMS") and related parties. The settlement resolves TXMS's claims and issues with the Debtors and allows the Debtors to address their remaining claims through the Plan. The Plan provides for the payment of allowed claims largely from operations over a three (3) year period. Debtors estimate the Plan will result in an 85%-100% distribution to general unsecured creditors, which is the only impaired class under the Plan, and the payment in full of all other allowed claimants.

2.  Trustee was not involved in the preparation of the Plan. Trustee understands the Debtors have engaged in negotiations with some of their creditors in formulating the Plan. Further, Debtors have provided the Trustee with answers to his questions concerning the Plan.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Abri Health Services, LLC (3319) and Senior Care Centers, LLC (8550).

## FEASIBILITY

3. Trustee has not conducted an independent analysis to determine if the Plan is feasible. Based on the Debtors' projections, most of the funds to pay unsecured claims are derived in the third year of operations. Trustee would note that the Plan is limited to 3 years and there are no guarantees that Debtors will meet their projections. Trustee anticipates the Debtors will provide evidence at confirmation supporting feasibility.

## GOOD FAITH

4. Trustee believes the Plan is filed in good faith.

## BEST INTEREST OF CREDITORS TEST

5. Debtors have provided a liquidation analysis attached to the Plan as Exhibit "B". In conjunction with this analysis, the Plan does not contain a detailed description of litigation claims or causes of action and values such claims at $0. The Plan provides for the filing of a Supplement identifying its litigation claims.

## OTHER ITEMS

6. The Plan does not identify a disbursing agent. Presumably Stretto will serve as disbursing agent.

7. The Plan does not address rights or remedies associated with any defaults by Reorganized Debtors under the Plan. Presumably, creditors will retain their rights to seek all available remedies under the Bankruptcy Code or applicable law in the event of a default.

8. The Plan does not appear to provide for any post-confirmation monitoring or reporting.

## PENDING OBJECTIONS

9. Active objections to confirmation have been filed by 1) Texas Comptroller of Public Accounts and 2) CHI Javelin LLC, CHI Javelin Winters Park LLC, CHI Javelin Denison

LLC, CHI Javelin Frisco LLC, CHI Javelin Allen LLC, and CHI Javelin Vista Ridge LLC (collectively, "Annaly" or the "CHI Javelin Landlords"). From review of those objections, Trustee anticipates that Debtors can resolve such objections prior to or at confirmation.

### SUMMARY

10. Subject to resolving pending objections to confirmation and satisfying its statutory requirements, Trustee supports confirmation of the Plan.

Respectfully Submitted,

/s/ Mark A. Weisbart
Mark A. Weisbart
Texas Bar No. 21102650
THE LAW OFFICE OF MARK A. WEISBART
12770 Coit Road, Suite 541
Dallas, TX 75251
(972) 628-4903 Phone
mark@weisbartlaw.net

SUBCHAPTER V TRUSTEE

### CERTIFICATE OF SERVICE

The undersigned certifies that on October 22, 2021, a true and correct copy of the foregoing will be electronically mailed to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District and by First-Class Mail to:

Abri Health Care Services, LLC
Attn: Kevin O'Halloran
600 North Pearl Street, Suite 1950
Dallas, Texas 75201

/s/ Mark A. Weisbart
Mark A. Weisbart